## Tom Hincy v. The State.

No. 7683.   Decided January 9, 1924.

**Open Port Law—Constitutional Law—Indictment—Duplicitious Pleading.**

It is not necessary to pass upon the constitutionality of the so-called Open Port Law under the Thirty-sixth-Legislature, and this Court will confine its opinion to the insufficiency of the indictment, which is duplicitous, in joining two offenses of different punishment in the same count, wherefore the judgment must be reversed and the cause dismissed.

Appeal from the District Court of Johnson.   Tried below before the Honorable Irwin T. Ward.

Appeal from a conviction of a violation of what is known as the Open Port Law; penalty, a fine of four hundred dollars.

The opinion states the case.

*McLean, Scott & Sayers,* for appellant. Cited Ferguson v. State, 189 S. W. Rep., 272.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Johnson County of a violation of what is known as the Open Port Law, and his punishment fixed at a fine of $400.

Appellant calls in question upon many grounds the constitutionality of the law under which this prosecution was had, but in view of the fact that the indictment herein is bad, we decline to be drawn into a discussion of the constitutionality of said law. The Open Port Law was passed at the Fourth Called Session of the Thirty-sixth Legislature, which will be found on pp. 7-10 of the Acts of said called session. By the terms of Sec. 4 of said Act it is made unlawful for any person by threatening the use of any physical violence, etc. to interfere with or molest or harass any person or persons engaged in the work of loading or unloading or transporting any commerce within this State. Sec. 9 of said Act is as follows:

"Any person violating any of the provisions of this Act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than one hundred dollars. nor more than one thousand dollars, or by imprisonment in the county jail for a term of not less than thirty days nor more than one year, or by both such fine and imprisonment; provided, however, should any person violating any of the provisions of this Act use any physical violence upon, of threaten the life of any person engaged in the work of loading or unloading, or transporting any commerce, as defined in this Act, he shall be deemed guilty of a felony, and upon conviction thereof shall be punished by confinement in the State penitentiary for a term of not less than one year or more than five years."

An examination of the indictment herein discloses the following allegation, after the formal parts, "One Tom Hincy, in the County of Johnson, State of Texas, did then and there by threatening the use of physical violence and by threatening to take the life of said O. C. Pierce, unlawfully interfere with, molest and harass him," etc. By a proper motion to quash duly filed in limine appellant attacked the indictment as duplicitous. In Sec. 506 of Mr. Branch's Annotated P. C. appears the statement that, "Duplicity is the joinder in the same count of two or more separate offenses, or the joinder in the same

court of two or more phases of the same offense where the punishment is different." Authorities are cited sustaining the proposition. In Hickman v. State, 22 Texas Crim. App., 441, it appears that the accused was charged with taking a horse and also a saddle, bridle and blanket. Upon the proposition that the indictment contained but one count in which were two different and distinct offenses with different penalties, this court held the indictment duplicitous and directed that the judgment be reversed and dismissed. In the case of Heineman v. State, 22 Texas Crim. App., 44, an indictment charging in one count the embezzlement of a horse and also of a gun and pistol, was held to be duplicitous and the judgment was reversed and the case dismissed. Applying what we have just said to the indictment in the instant case, it will be at once perceived that that portion of said indictment charging that appellant violated the law by threatening the use of physical violence, charges but a misdemeanor punishable by fine or by fine and imprisonment in the county jail,—while that portion of the indictment charging that appellant committed the offense of threatening to take the life of said Pierce, charges a felony punishable by imprisonment in the penitentiary for a term of years. There is no dispute of the fact that these two offenses with separate and distinct punishments were charged in the same count. The matter being raised at the proper time, and the indictment being clearly subject to the objection made, we have no option but to direct that the judgment of the trial court be reversed and the cause dismissed, and it is so ordered.

*Dismissed.*